IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carolyn Perkins, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 6910 |
| Allied Interstate, Inc., a Minnesota corporation and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Carolyn Perkins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Carolyn Perkins ("Perkins"), is a citizen of the State of Arizona, from whom Defendants attempted to collect a delinquent consumer debt for a Washington Mutual credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Allied Interstate, Inc. ("Allied") is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Allied operates a nationwide debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Allied was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Perkins.

5. Defendant Allied is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Allied conducts business in Illinois.

6. Moreover, Defendant Allied is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Allied acts as a debt collector in Illinois.

7. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Allied.

9. Defendant LVNV is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit C. In fact, LVNV conducts business in Illinois.

10. Moreover, Defendant LVNV is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D. In fact, LVNV acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

11. Ms. Perkins is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Washington Mutual credit card. At some point in time after that debt became delinquent, Defendant LVNV bought Ms. Perkins's Washington Mutual debt. When Defendant LVNV began trying to collect this debt from her, by having Defendant Allied send her an initial collection letter, dated July 29, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, via a letter dated August 23, 2010, but faxed on August 27, 2010, one of Ms. Perkins's attorneys at LASPD informed Defendants, in writing, that Ms. Perkins was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection actions because Ms. Perkins was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Nonetheless, Defendants' debt collectors continued to call Ms. Perkins directly, including, but not limited to telephone calls on September 30, 2010 and

October 7, 2010, from telephone number 866-310-3882, to demand payment of the Washington Mutual debt.

14. Accordingly, on October 11, 2010, Ms. Perkins's LASPD attorney had to send Defendants another letter, demanding that they cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Perkins's agent, LASPD, told Defendants to cease communications and cease collections (Exhibit F). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew that Ms. Perkins was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit F), that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Perkins. By directly calling Ms. Perkins, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Carolyn Perkins, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Perkins, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carolyn Perkins, demands trial by jury.

                                                             Carolyn Perkins,

                                                             By: /s/ David J. Philipps
                                                             One of Plaintiff's Attorneys

Dated: October 27, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com